UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JEFF LEACH,                                      )
                                                 )
                 Petitioner,                     )
                                                 )
v.                                               )    Nos. 2:19-CV-077
                                                 )          2:16-CR-083
UNITED STATES OF AMERICA,                        )
                                                 )
                 Respondent.                     )

## <u>MEMORANDUM OPINION and ORDER</u>

Before the Court is Jeff Leach's ("Petitioner's") *pro se* motion to vacate, set aside,

or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.")

Doc. 289].[1] The United States has responded in opposition [Doc. 7]. Petitioner did not file

a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section

2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. Petitioner also

filed a motion for default judgment, motion for evidentiary hearing, and motion to appoint

counsel [Doc. 10]. The United States responded to the motion [Doc. 11], and Petitioner

replied [Doc. 12].

For the reasons below, the majority of Petitioner's claims will be **DISMISSED**. The

Court further finds that an evidentiary hearing is necessary on the claim that counsel failed

to file an appeal – Claim 6. That sole claim will be **REFERRED** to the magistrate judge

---

[1] Document numbers not otherwise specified refer to the civil docket.

for an evidentiary hearing and for the appointment of counsel to represent Petitioner at the hearing. Petitioner's motion for default judgment [Doc. 10] will be **DENIED**, and Petitioner's motions for an evidentiary hearing and appointment of counsel [*Id*.] will be **DENIED as MOOT**.

## I. BACKGROUND

In March 2017, Petitioner and three co-defendants were charged in an eleven-count superseding indictment pertaining to conspiracy and distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. § 841(a)(1). [Crim. Doc. 89]. Petitioner was named in six counts. [*See id*.].

On January 24, 2018, Petitioner entered into a plea agreement with the government. [Crim. Doc. 190]. Petitioner agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, its salts, and salts of its isomers a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [*See id*.] The plea agreement was signed by Petitioner and attorney Sandra Jelovsek.

In his plea agreement, Petitioner acknowledged that he was involved in a conspiracy with his co-defendants and others to distribute methamphetamine, a Schedule II controlled substance, in an around the Tri-Cities area in the Eastern District of Tennessee. Specifically, Petitioner admitted that conspirators obtained methamphetamine from out of state sources and used the drug and distributed it for profit. [Crim. Doc. 247]. Petitioner also agreed that he should be held responsible for at least 50 grams but less than 150 grams of actual methamphetamine. [*Id*.].

The Court conducted a change of plea hearing on February 1, 2018. Although there is no transcript of that hearing in the record the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney was fully aware of all the facts on which the charges were based; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to him; and that Petitioner understood that hisa sentence would be determined *by the Court*.

The PSR calculated a total offense level of 34 and a criminal history category of II, resulting in a guideline range of 168 to 210 months. [Crim. Doc. 247, ¶ 62]. The PSR also noted that, but for Petitioner's plea agreement dismissing Counts Eight or Ten, he would have been subject to a mandatory consecutive term of imprisonment of 60 months. Had he been convicted of both Counts Eight and Ten, he would have been subject to a mandatory consecutive term of imprisonment of 25 years. [*Id*. at ¶ 71].

The government filed a notice of no objections to the PSR. [Crim. Doc. 248]. The government also filed a sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 168 to 210 months' imprisonment, recommended a

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

sentence of 168 months, and objected to any departure or variance from the sentencing guideline range. [Crim Doc. 254].

Petitioner, through counsel, initially filed a notice of objections to the PSR, objecting to his legal address and objecting to the "addition of 3 levels for manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive pursuant to U.S.S.G. § 3B1.1(b). [Crim. Doc. 251]. Four days later, Petitioner, through counsel, filed a notice of no objections, withdrawing his previously filed objections, but requesting that Petitioner's address be changed as it was incorrectly stated in the PSR. [Crim. Doc. 252]. Petitioner, through counsel, filed a sentencing memorandum, requesting that the Court sentence Petitioner to 168 months' imprisonment. [Crim. Doc. 253].

On May 8, 2018, the Court sentenced Petitioner to a total of 168 months' imprisonment followed by five years of supervised release. [Crim. Doc. 262]. Petitioner did not file a direct appeal, but on May 8, 2019, he filed this timely § 2255 motion.

## II.    STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or

4

(3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court

5

must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## III. ANALYSIS

As an initial matter, Petitioner raises six claims of ineffective assistance of counsel in his § 2255 motion: 1) ineffective assistance of counsel for "failing to file a motion to dismiss the indictment based on multiplicity counts which violated Petitioner's right to due process;" 2) ineffective assistance of counsel for failing to investigate Petitioner's case and possible defenses; 3) ineffective assistance of counsel for "failing to inform Petitioner of the true nature of the charges, consequences and erroneously advising Petitioner to plead guilty" making Petitioner's plea agreement "not knowingly nor voluntarily entered;" 4) ineffective assistance of counsel for "failing to properly inform Petitioner of the true nature of the offenses he was pleading guilty to, and erroneously misadvised Petitioner to enter into a plea agreement with a waiver of right to appeal;" 5) ineffective assistance of counsel for "failing to file objections to the presentence investigative report, Fed. Rule Criminal P. 32(a)(3)(B), and utilize the multiplicity and other arguments and argue for a lesser sentence;" and 6) ineffective assistance of counsel for "failing to file a requested direct appeal." [Doc. 2]. The Court will first address Petitioner's ineffective assistance claims before addressing Petitioner's other motions [Doc. 10].

6

## A. Legal Standard for Ineffective Assistance of Counsel Claims

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

## B. Ineffective Assistance of Counsel Claims

### a. Claim 1 – Failure to file a motion to dismiss the Indictment

Petitioner faults counsel for failing to file a motion to dismiss the indictment based on "multiplicity." [Doc. 2, p. 4]. The United States responds that Petitioner does not specify which counts suffer from any defect, nor does he show how he was prejudiced by any such defect. [Doc. 7]. Further, the United States argues that all of the counts charged in the indictment had elements that are different from each other, so there was no legitimate basis upon which counsel could have moved to dismiss the indictment. [*Id.*].

As stated above, a motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum*, 262 F.2d at 867; *Johnson*, 940 F. Supp. at 171. Because Petitioner has not provided specific facts to support his conclusory allegation, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). Further, Petitioner's claim fails at *Strickland's* second step because Petitioner cannot establish prejudice as counsel is not required to raise frivolous defenses or arguments. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003). Accordingly, Petitioner's Claim 1 will be **DENIED**.

### b. Claim 2 – Failure to investigate Petitioner's case and possible defenses

8

Petitioner's second claim alleges that he was "prejudiced by counsel's performance by failing to investigate Petitioner's case and file a motion to dismiss the indictment based on multiplicity and other arguments, thus failure to investigate possible defense from 'all' angles." [Doc. 2, p. 6]. The United States argues that Petitioner's second claim also suffers from a lack of factual support because Petitioner does not provide any indication of what an investigation might have uncovered or how that information would have affected Petitioner's decision to plead guilty. [Doc. 7, p. 8].

Petitioner has failed to provide any factual support for this claim, and as such, the Court can reject this contention as insufficient to sustain the motion. *See Ushery*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4. Petitioner has also not established either deficient performance or prejudice regarding this claim. Accordingly, Petitioner's Claim 2 will be **DENIED**.

### c. Claim 3 – Failure to inform Petitioner of the true nature of the charges, erroneously advising Petitioner to enter into a plea agreement not knowingly or voluntarily

Petitioner claims that his counsel was ineffective for not informing him that Counts One and Two were really one crime and that the indictment violated the Double Jeopardy Clause. [Doc. 2, p. 9]. Petitioner admits that the Court questioned Petitioner as to his understanding of the Plea Agreement but claims that counsel erroneously advised Petitioner as to the answers. [*Id.* at 10]. However, Petitioner was under oath during the change of plea hearing. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

9

allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The record does not support Petitioner's claim that his plea agreement was not made knowingly or voluntarily.

As the United States argues, the Plea Agreement was initialed by Petitioner on every page, and the record shows that Petitioner knew what facts he agreed to as he excised several lines in the factual summary. [*See* Crim. Doc. 190]. Petitioner has also not provided factual support for this claim by stating what erroneous advice counsel gave him, nor has he established how any mis-advice prejudiced him in pleading guilty. As the Court noted during Petitioner's sentencing hearing, Petitioner received a very lenient sentence due to the efforts of his counsel and the United States, compared to what he could have received. [Crim. Doc. 288]. Petitioner is also mistaken regarding Counts One and Two of the superseding indictment being multiplicity counts against him as he is not named in Count 2. [*See* Crim. Doc. 89]. Accordingly, Petitioner's Claim 3 will be **DENIED**.

### d. Claim 4 – Failure to properly inform Petitioner of the true nature of the offenses and erroneously advising Petitioner to enter into a plea agreement with a waiver of right to appeal

Petitioner argues that counsel gave Petitioner misleading advice regarding accepting a plea agreement. Petitioner does not state what counsel stated or how he misadvised Petitioner. In the heading of this section, Petitioner mentions the appeal waiver, but provides no factual support nor raises an argument regarding the plea waiver. [Doc. 2, p. 12]. The United States argues that Petitioner has no constitutional right to a plea deal, nor

can he force the Government to "acquiesce in a deal that he would prefer." [Doc. 7, p. 10]. Further, the United States argues that Petitioner would have faced a mandatory twenty-year sentence based on his prior felony drug conviction if the United States had chosen to seek an enhanced sentence. Thus, counsel was not deficient for advising Petitioner to enter into a plea agreement. [*Id*.].

A criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was therefore under no obligation to offer any plea deal, let alone one that did not include an appellate waiver. Further, Petitioner has provided no factual support for this claim, and as such, the Court can reject this contention as insufficient to sustain the motion. *See Ushery*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4. As stated above, nothing in the record supports Petitioner's contention that his plea agreement was not made knowingly or voluntarily. Petitioner has not established either deficient performance or prejudice regarding this claim. Accordingly, Petitioner's Claim 4 will be **DENIED**.

### e. *Claim 5 – Failure to file objections to the Presentence Investigative Report ("PSR") and argue for a lesser sentence*

Petitioner alleges that counsel was ineffective by failing to file three objections to the PSR: 1) counsel failed to object to the "four-point leadership enhancement where there was insufficient evidence that Petitioner was a leader;" 2) counsel failed to object to the PSR and report that the Government breached the Plea Agreement by "utilizing the leadership enhancement to bypass the indictment and plea agreement to enhance Petitioner's sentence in complete disregard for the plea agreement…;" and 3) counsel

11

failed to file an objection arguing that "the Supreme Court ruling *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) was in effect at the time of Petitioner's sentencing." [Doc. 2, pp. 14-17]. The United States argues that counsel was not ineffective because 1) counsel's decision to withdraw the objection to the leadership enhancement was a strategic decision as the Government's recommendation for a bottom-of-the-Guidelines sentence was due to Petitioner's decision not to contest the leadership enhancement; 2) the United States did not breach the Plea Agreement because there was no promise of a specific sentence, nor did the Plea Agreement prohibit the United States from seeking enhancements appropriate to Petitioner's case; and 3) the *Alleyne* case is not relevant to Petitioner as *Alleyne* dealt with judge-found facts that raise the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." [Doc. 7, pp. 11-13].

In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Strickland*, 466 U.S. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). Petitioner has not overcome the presumption of effective assistance regarding counsel's decision to withdraw the objection to the leadership enhancement as it was likely a strategic decision to avoid the Government requesting a sentence at the top of the guideline range.

12

Petitioner has not met his burden to show that the United States breached the terms of the Plea Agreement because the Plea Agreement did not contain an agreed 10-year sentence as Petitioner claims. Instead, the Plea Agreement specifically states, "[t]he maximum penalty to which the defendant will be exposed by virtue of his guilty plea is a term of imprisonment of at least ten (10) years and up to life…" [Crim. Doc. 190, p. 1]. Further, the Plea Agreement states:

> [t]he defendant understands that the sentence in this case will be determined by the Court after it receives the [PSR]… [t]he defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

[*Id.* at p. 5]. Accordingly, Petitioner's claim that the Government breached the Plea Agreement is without merit, and counsel is not required to raise frivolous defenses or arguments. *Chapman*, 74 F. App'x at 593.

Petitioner's final argument is also without merit as *Alleyne* does not apply to Petitioner's case since the leadership enhancement did not increase the statutory minimum sentence, only the advisory guideline range. Thus, objecting on that ground would have been frivolous, and counsel is not required to rase frivolous arguments. [*Id.*].

Accordingly, for the reasons stated above, Petitioner's claim 5 will be **DENIED**.

### f. Claim 6 – Failure to file a requested direct appeal

The seminal Supreme Court case on a failure-to-appeal claim of ineffective assistance is *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* Court applied *Strickland*'s framework in reaching its decision, *id*. at 476-77, meaning that both

components of the *Strickland* test apply to assertions that counsel failed to file an appeal. *Id*. at 477. Thus, under *Roe*, to establish that counsel rendered a deficient performance, Petitioner must show either (1) that counsel disregarded his instructions to file a notice of appeal or (2) that counsel failed to consult with him regarding an appeal when he knew or should have known that Petitioner might want to appeal. *Id*. at 478-80. "[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (observing that "if counsel had ignored the defendant's express instruction to file an appeal, such action amounts to a per se violation of the Sixth Amendment") (internal quotation marks omitted), and at 360 (determining whether petitioner has given "express instructions to proceed with an appeal" is a pivotal factual issue in resolving the claim).

The United States urges the Court to reject Petitioner's claim because his allegations are "conclusory and incredible." [Doc. 7, pp. 13-14]. Petitioner states in his memorandum of support for his § 2255 motion that, "[a]fter the sentencing hearing, Petitioner requested counsel to file an appeal." [Doc. 2, p 19]. Petitioner continues to state, "Petitioner felt that these issues herein were worthy of challenge and arguing on direct appeal, further prompting Petitioner to request his attorney to initiate and perfect the Appellate Brief." [*Id*.].

A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief, *see Napier v. United States*, No. 93–5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993), "unless the allegations cannot be

14

accepted as true because 'they are contradicted by the record' or are 'inherently incredible.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (citation omitted). The instant Petitioner's factual allegations involving counsel's failure to file an appeal are not contradicted by the record nor are they inherently incredible. They arguably demonstrate both deficient performance (disregard of specific instructions to file an appeal) and prejudice (the denial of "an appeal altogether"). *Roe*, 528 U.S. at 477, 483. Thus, the Court concludes that Petitioner has met the relatively low bar to warrant an evidentiary hearing with respect to this claim. *See Martin*, 889 F.3d at 832 (describing the burden to establish "an entitlement to an evidentiary hearing [as] relatively light" and instructing that "[w]here there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims") (citation and internal quotation marks omitted).

### C. Other Motions [Doc. 10]

#### a. *Motion for default judgment*

Petitioner filed a motion for default judgment [Doc. 10], alleging that the government did not file a response in compliance with the Court's order [Doc. 4]. This allegation is contradicted by the record and not credited as the Government filed a timely response to Petitioner's § 2255 motion. *See* [Doc. 7]. Further, as the United States argues in response, default judgment is unavailable in this context, because Petitioner can only obtain relief under § 2255 upon satisfying his burden "to show that he is in custody in violation of the Constitution of the United States." *Allen v. Perini*, 424 F.2d 134, 138 (6th

15

Cir. 1970); *see also* [Doc. 11]. Accordingly, Petitioner's motion for default judgment [Doc. 10] will be **DENIED**.

### b. *Motion for evidentiary hearing and appointment of counsel*

Petitioner filed a motion requesting an evidentiary hearing and appointment of counsel. [Doc. 10]. As discussed above, Petitioner's claim that counsel was ineffective for failing to file an appeal will be referred to the magistrate judge for an evidentiary hearing and appointment of counsel. As such, Petitioner's motions for the same [Doc. 10] are unnecessary and will be **DENIED as MOOT**.

## IV. CONCLUSION

For the reasons discussed in this Opinion and Order, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 289] is **DENIED** and **DISMISSED** except as to the claim that counsel failed to file a requested appeal. As to that claim only, this matter is **REFERRED** to the magistrate judge for an evidentiary hearing, appointment of an attorney to assist Petitioner in presenting his case for collateral relief at that hearing, and a report and recommendation as to the merits of the claim that counsel failed to file a requested appeal. Petitioner's motion for default judgment [Doc. 10] is **DENIED**, and Petitioner's motions for evidentiary hearing and appointment of counsel [Doc. 10] are **DENIED as MOOT**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

16