UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEFF LEACH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:19-CV-077 |
| ) | 2:16-CR-083 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Jeff Leach ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging six grounds of ineffective assistance by his trial attorney. [Doc. 1].[1] His first five claims for relief were denied and dismissed by this Court. [Doc. 13]. The undersigned referred this matter to United States Magistrate Judge Cynthia Richardson Wyrick for an evidentiary hearing on Petitioner's sixth claim – whether his former counsel failed to file a requested appeal. [*Id*.].

Magistrate Judge Wyrick conducted an evidentiary hearing on February 7, 2022, receiving testimony from Petitioner and Petitioner's trial counsel, Sandra B. Jelovsek ("Attorney Jelovsek"). On May 5, 2022, Magistrate Judge Wyrick issued her Report and Recommendation ("R&R"). [Doc. 18] Therein, the magistrate judge determined that Petitioner failed to meet his burden to establish ineffective assistance of counsel. [*Id*. at

---

[1] Document numbers not otherwise specified refer to the civil docket.

10]. Further, Petitioner's testimony was found to be less credible than Attorney Jelovsek's testimony based on Attorney Jelovsek's detailed testimony of conversations with Petitioner. [*Id*. at 8-9]. The magistrate judge also found that Petitioner had not shown that he directly requested an appeal or otherwise indicated his desire to appeal. [*Id*. at 9]. In light of these findings, Magistrate Judge Wyrick recommended that the Court deny Petitioner's § 2255 motion as to the sixth ground for relief.

Petitioner objected to the R&R, and the time for the United States to respond has passed. [Doc. 22]; *See* E.D. Tenn. L.R. 7.1(a). The matter is now ripe for determination. A transcript of Magistrate Judge Wyrick's evidentiary hearing has been filed [Doc. 21] and has been carefully reviewed by the Court. For the reasons that follow, the Court will adopt the R&R in full. Petitioner's sixth ground for relief will be **DENIED** and his § 2255 motion to vacate [Doc. 1] will be **DISMISSED**.

I.  BACKGROUND

The superseding indictment in this case charged Petitioner with six counts related to conspiracy and distribution of 50 grams or more of methamphetamine. [Criminal "Crim" Doc. 89]. Petitioner, represented by Attorney Jelovsek, entered into a plea agreement, pleading guilty to one count of conspiracy to distribute and possess 50 grams or more of methamphetamine on January 24, 2018. [Crim. Doc. 190]. The Court sentenced Petitioner to 168 months' imprisonment, followed by 5 years of supervised release. [Crim. Doc. 262]. Petitioner did not file an appeal.

On May 8, 2019, Petitioner filed this § 2255 motion, raising six grounds for relief.[2] [Doc. 1]. This memorandum, like Magistrate Judge Wyrick's R&R, addresses only the sixth ground.

## II. AUTHORITY

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's R&R. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Courts must presume that counsel's assistance was effective, and petitioners bear the burden of showing otherwise. *See Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different."

---

[2] Petitioner filed the motion *pro se*. He was, however, represented by appointed counsel at the February 7, 2022, evidentiary hearing, and his objection to the R&R is filed by counsel.

*Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

In the context of an appeal, there is a long-established rule "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Here, Petitioner's allegations that he directed Attorney Jelovsek to file an appeal are not credible. However, in cases where a petitioner neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney "consulted" with the defendant about the benefits and drawbacks of filing an appeal. *Id.* at 478. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If counsel failed to consult with her client, then the court must address whether the failure to consult constitutes deficient performance. *See id.*

### III.  Analysis

As noted above, the sixth claim in Petitioner's § 2255 motion alleges that trial counsel was ineffective for failing to file an appeal after Petitioner requested her to do so. [Doc. 1]. As also noted above, Magistrate Judge Wyrick found that Petitioner did not satisfy his burden to show that he specifically requested Attorney Jelovsek to file an appeal

4

and found that a reasonable person in Petitioner's shoes would not have requested an appeal. [Doc. 18, p. 10]. The magistrate judge concluded, "[g]iven the testimony of Petitioner and Ms. Jelovsek and the logical conclusions to be gleaned therefrom, the Court simply cannot find that Petitioner directly requested that Ms. Jelovsek appeal his case nor that he otherwise demonstrated to her a desire to appeal." [*Id*. at 9].

Petitioner, through counsel, filed an objection to the R&R, objecting to Magistrate Judge Wyrick's credibility determinations and findings that Petitioner did not request an appeal and that a person in Petitioner's shoes would not have desired to appeal. [Doc. 22].

At the evidentiary hearing, Petitioner's testimony regarding his conversation with Attorney Jelovsek about filing an appeal allegedly occurred prior to his sentencing hearing. [Doc. 22, p. 15]. This assertion differs from his pleadings. In his § 2255 motion, Petitioner stated, "[a]fter the sentencing hearing, Petitioner requested counsel to file an appeal." [Doc. 2, p 19]. However, at the hearing, Petitioner stated that he did not talk to Attorney Jelovsek after the sentencing hearing, nor did he ask Attorney Jelovsek to appeal after he was sentenced. [Doc. 21, at 19]. Petitioner also admitted that Attorney Jelovsek gave documents to his mom after the sentencing but denied that there was a letter about his right to appeal from his attorney. [*Id*. at 16-18]. However, there was a letter to Petitioner from Attorney Jelovsek regarding the end of her representation and next steps for Petitioner which was submitted as an exhibit to the hearing. [*Id*., Exhibit 8].

Attorney Jelovsek also testified at the hearing regarding whether Petitioner directed her to file an appeal. She testified that the Petitioner did not ask her to file an appeal, nor did he seem dissatisfied with the agreement for the sentence recommendation from the

5

Government. [*Id*., at 36-37]. She also stated that she would have filed an appeal if she had been directed to do so by Petitioner. [*Id*., at 38-39]. Magistrate Wyrick found Attorney Jelovsek's testimony to be the more credible testimony, and this Court also finds the same.

As stated above, counsel's performance might be deficient if, after consultation, counsel neglects to file an appeal after specific instructions from a defendant to do so. Here, the record supports Magistrate Judge Wyrick's conclusion that Petitioner did not specifically request that Attorney Jelovsek file an appeal on his behalf following his sentencing and made no further efforts to inquire about appealing or filing an appeal *pro se*. The record further reflects that Attorney Jelovsek consulted with Petitioner regarding an appeal and did not provide ineffective assistance of counsel. As Petitioner has not met his burden to establish deficient performance of counsel, the Court need not address the prejudice prong of the *Strickland* standard. *Strickland*, 466 U.S. 668.

## IV.    CONCLUSION

After a thorough review of the R&R [Doc. 18], the hearing transcript [Doc. 21], and the parties' filings, the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 18] in its entirety. Petitioner's objection [Doc. 22] to the R&R is **OVERRRULED**. Accordingly, ground six of Petitioner's 28 U.S.C. § 2255 motion [Doc. 1; Crim Doc. 289] is **DENIED** and **DISMISSED**.

The Clerk is **DIRECTED** to close the civil file.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge